IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DELORES L. KNIGHT,**

      **Petitioner,**

v.                                                   **Case No. 1:20-cv-00407**

**M.E. REHERMAN, Warden,**
**FPC Alderson,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF Nos. 1, 6), and Respondent's request that the petition be dismissed. (ECF No. 11). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner clearly is not entitled to relief; therefore, the undersigned **RECOMMENDS** that Knight's § 2241 petitions, (ECF Nos. 1, 6), be **DENIED**; that Respondent's request for dismissal, (ECF No. 11), be **GRANTED**; and that this matter be **DISMISSED** from the docket of the Court.

**I.**    **Factual and Procedural Background**

    *A. Proceedings in the Sentencing Court and Sixth Circuit*

Following a jury trial in the United States District Court for the Northern

1

District of Ohio ("Sentencing Court"), Petitioner Delores Knight was found guilty of numerous violations related to health care fraud. She was sentenced to 120 months of imprisonment and three years of supervised release. She was ordered to pay a $1,200 special assessment and $8,168,107.24 in restitution. *United States v. Knight et al.*, Case No. 1:15-cr-00222-DCN-1, (N.D. Ohio, May 30, 2017) at ECF Nos. 110, 153. Knight appealed to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which affirmed the Sentencing Court's judgment. *Id*. at ECF Nos. 162, 214. On February 6, 2020, Knight filed a motion in the Sentencing Court to vacate her sentence under 28 U.S.C. § 2255, which was denied. *Id*. at ECF Nos. 252, 266, 267. She appealed the denial of her § 2255 motion to the Sixth Circuit, which rejected her appeal. *Id*. at ECF Nos. 271, 272, 273, 274.

### *B. Proceedings in this Court*

Knight submitted the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 12, 2020 while incarcerated within Federal Prison Camp, Alderson ("FPC Alderson"), located in Alderson, West Virginia.[1] (ECF No. 1). In her original petition, Knight claimed that the BOP denied her due process when it improperly took 25% of her income and gifts to pay towards her judgment despite the fact that her case was still on appeal in the Sixth Circuit. (*Id*. at 2). She further alleged that the BOP denied her due process by basing her payment amount on both her earned income and family gifts. (*Id*.). Finally, she asserted that she did not receive a response when she appealed her administrative remedy of this matter to the Central Office. (*Id*.

---

[1] Since filing her petition, Knight has been transferred to an address in Ohio. (ECF No. 10). According to the BOP Inmate Locator tool available at https://www.bop.gov/inmateloc/, Knight remains in custody under the purview of the Residential Reentry Management field office in Cincinnati. For the convenience of the parties, the name of the Respondent has not been altered to reflect Knight's change in address, but the undersigned notes that Knight is not presently incarcerated at FPC Alderson.

at 3). She asked for $1,000,000 in damages for her unnecessary hardship and sought for the Court to order FPC Alderson to base the 25% calculation on her prison earnings alone, not gifts or other sources of income. (*Id.*). In conclusion, she reiterated her request that the Court grant relief to her and "other inmates that suffer double jeopardy at FPC Alderson." (*Id.* at 4).

On month later, Knight submitted a form § 2241 petition, apparently to supplement her original petition. (ECF No. 6). Therein, she reiterated her claim challenging FPC Alderson's withdrawal of 25% of her income based on her employment earnings and gifts. (*Id.* at 2). She explained that she filed administrative remedies at FPC Alderson and appealed the adverse result to the Regional Office and the Central Office, but never received a response from the Central Office. (*Id.* at 2–3). Under the section entitled "Grounds for Your Challenge in This Petition," Knight listed four grounds that were unrelated to her financial claims and were seemingly based on evidentiary matters in her underlying criminal case, as well as one ground of "double jeopardy." (*Id.* at 6–7). She reiterated the request for relief from her original petition, asking for "damages, equal protection of the laws," a "public defender," an order requiring FPC Alderson to follow the Sentencing Court's order concerning her restitution payment, and an evidentiary hearing. (*Id.* at 7).

The undersigned ordered Respondent to answer Knight's petitions on July 22, 2020. (ECF No. 9). Respondent filed a response to the order on August 21, 2020. (ECF No. 11). Therein, Respondent sought dismissal of Knight's petition, asserting that Knight was enrolled in the Inmate Financial Responsibility Program ("IFRP") pursuant to the judgment of the Sentencing Court, and the payments taken from her account were automatically deducted in the correct amount each month. (*Id.* at 2–3).

In support of the request for dismissal, Respondent claimed that Knight failed to exhaust her administrative remedies as required by law, because her appeal to the Central Office "was rejected on May 5, 2020 with instructions for [Knight] to file the remedy first at the institutional level." (*Id*. at 4–5).

Respondent nonetheless addressed the merits of Knight's petition, arguing that the administration of Knight's IFRP was appropriate, and that delegation of the matter to the BOP was likewise proper. (*Id*. at 6–7). According to Respondent, nothing in the Sentencing Court's order required the BOP to suspend or stay collection of the monetary judgment during Knight's appeal of her criminal case. (*Id*. at 7). Furthermore, Respondent contended that the Sentencing Court's denial of an earlier request by Knight to limit her financial obligations to $25 per quarter implied that the order to pay restitution "continues to be a legitimate financial obligation for which [Knight's] ongoing participation in the IFRP is appropriate under both the federal regulations and BOP policy." (*Id*.). Respondent asserted that BOP regulation allowed prison officials to use non-institutional sources of income, such as gifts, in calculating an inmate's financial obligations. (*Id*. at 8). Respondent additionally pointed out that nothing in the Sentencing Court's order required the BOP to limit its consideration of Knight's finances to her prison income alone. (*Id*. at 8–9). Respondent argued that there was an absence of evidence showing financial hardship to Knight as a result of her IFRP, and added that Knight's claim on behalf of other inmates was improper. (*Id*. at 9).

On September 3, 2020, Knight filed a reply. (ECF No. 14). She disputed Respondent's claim that she had not exhausted her administrative remedies and provided the Court with a document showing that her administrative remedy was

4

denied at the institutional level. (*Id.* at 1–2, 5). She reiterated that she never got a response from the Central Office concerning her appeal from the remedy's denial at the Regional Office. (*Id.* at 2). Next, she explained that because her payroll income was never more than $13.00 per month, her monthly withdrawal should not be greater than $3.25, and yet her withdrawals were of much greater amounts of money. (*Id.*). She also attached her restitution judgment, stressing that the Sentencing Court's order required her to "pay 25% of [her] gross income per month, through the [IFRP]." (*Id.* at 6).

## II. **Standard of Review**

Respondent does not identify the standard under which he seeks dismissal of Knight's petition; however, Respondent filed the response concurrently with the request for dismissal. Therefore, the request should be treated as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings applies the same standard of review as a motion to dismiss filed under Rule 12(b)(6), and both motions may be filed in habeas actions. (*Id.* at 138–39); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v.*

5

*Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. (*Id.*) The court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.  Discussion

In the original handwritten petition filed by Knight, she made clear that she was challenging the BOP's administration of her IFRP. (ECF No. 1 at 2). However, one month after the first petition was filed, Knight submitted a second habeas petition, making use of a standard form. (ECF No. 6). In the second petition, Knight appeared to raise additional grounds challenging the validity of her conviction, rather than the execution of her sentence. In particular, in a section of the form titled "Grounds for Your Challenge in This Petition," Knight offered four grounds, all of which were previously asserted in her Sixth Circuit appeal of the Sentencing Court's order denying her § 2255 motion. (ECF No. 6 at 6–7); *United States v. Knight et al.*, Case No. 1:15-cr-00222-DCN-1, (N.D. Ohio, May 30, 2017) at ECF No. 271. A careful review of Knight's second petition suggests that she simply misunderstood the questions being asked in the form she used. The form is admittedly confusing, because it is awkwardly structured. (ECF No. 6 at 3–4). The Court takes note that Knight affirmatively states in the form petition that she is *not* challenging the validity of her conviction or

6

sentence, rather she is challenging the IFRP procedures as they were applied to her restitution payments. (*Id.* at 3). While she erroneously lists her § 2255 grounds in the form § 2241 petition, the undersigned **FINDS** that Knight is not challenging the validity of her conviction or sentence, and further **FINDS** that the grounds she wishes to raise in support of her § 2241 petition are reflected elsewhere in her filings. Therefore, the undersigned has disregarded the grounds included in the second petition, because they do not pertain to the instant petition and are not properly raised in this § 2241 proceeding. The issues presented in this matter are addressed separately below.

### A. *Exhaustion of Administrative Remedies*

Generally, an inmate should exhaust adequate alternative remedies before seeking a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition) (citations omitted). Habeas relief under 28 U.S.C. § 2241 is always available "to safeguard the fundamental rights of persons wrongly incarcerated," but it is an "avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citing *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being brought into court. *Arbaugh v. Berkebile*, No. 5:10-cv-0528, 2010 WL 5481198, at *3 (S.D. W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D. W. Va. Jan. 3, 2011) (citing *Jones v. Bock,* 549 U.S. 199, 204 (2007); *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)).

Respondent argues that this Court should dismiss Knight's petition because she failed to exhaust her available administrative remedies. (ECF No. 11 at 4). Specifically, he contends that her appeal to the Central Office was "rejected ... with instructions for [Knight] to file the remedy first at the institutional level." (*Id.* at 5). Respondent cites to an attached "Administrative Remedy Generalized Retrieval" which shows that her appeal was rejected, and next to a line for "Remarks," the document states "Please refile at the institution where it should be accepted." (ECF No. 11-1 at 51). The document does not indicate what adjudicatory body issued this decision, nor does it explain whether the so-called "Remarks" are intended to provide instructions for Knight to continue pursuing her remedy; the language is decidedly ambiguous. Knight supplies a different version of events, maintaining throughout her filings that she never received a response from the Central Office after appealing the Regional Office's denial of her remedy despite the lapse of the due date for the decision. (ECF Nos. 1 at 3, 6 at 3, 14 at 2). Moreover, Knight refutes Respondent's claim that the Central Office determined that she needed to file her claim at the institutional level, attaching the written denial of her request for an administrative remedy from FPC Alderson. (ECF No. 14 at 5).

Because this Court is considering Respondent's motion for judgment on the pleadings, the undersigned draws all reasonable factual inferences in favor of Knight. While Respondent argues that Knight's claim that she received no response from the Central Office is "conclusory and self-serving," (ECF No. 11 at 5), the disagreement between the two parties in this matter will be resolved in Knight's favor. The documents provided by Respondent do not refute Knight's claim that she did not receive an answer from the Central Office, and show only that her claim was rejected on appeal. The undersigned therefore **FINDS** that, for the purpose of this action,

8

Knight has exhausted her administrative remedies.

### B.     *Participation in the IFRP During Pendency of Appeals*

Knight contends that FPC Alderson acted against the Sentencing Court's order by withdrawing IFRP payments during the pendency of her appeal. (ECF No. 1 at 2). However, according to the judgment in Knight's criminal case, the Sentencing Court ordered that payment towards the imposed monetary penalties "is due during imprisonment." *United States v. Knight et al.*, Case No. 1:15-cr-00222-DCN-1, (N.D. Ohio, May 30, 2017) at ECF No. 153 at 7. Nothing in the docket of Knight's criminal case demonstrates that the Sentencing Court or any other court ordered the suspension of payments while Knight pursued appeal from the judgment.

Knight challenges the amount and timing of the restitution payments withdrawn from her inmate account by prison officials. In *United States v. Johnson*, 48 F.3d 806 (4th Cir. 1995), the Fourth Circuit held that "making decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable." *Id.* at 809. In that case, the sentencing court entered a restitution order, which stated that the defendant "shall make restitution of not less than $6,000.00 but not more than $35,069.10, ***in such amounts and at such times as may be directed by the Bureau of Prisons and/or the Probation Officer*** …" *Id.* at 807 (emphasis added). The Fourth Circuit discussed that the imposition of a sentence, including an order of restitution, is a "core judicial function" of Article III courts and that "[c]ases or controversies committed to Art. III courts cannot be delegated to nonjudicial officers for resolution." *Id.* at 808-09.

The Fourth Circuit was clear in *Johnson* that the "general principle does not, however, prohibit courts from using nonjudicial officers to *support* judicial functions,

9

as long as a judicial officer retains and exercises ultimate responsibility." *Id.* at 809. Ultimately, the Fourth Circuit found that in Johnson's case, "the district court appear[ed] to have delegated to the probation officer the final authority to determine the amount of restitution and the amount of installment payments (albeit within a range), without retaining ultimate authority over such decisions (such as by requiring the probation officer to *recommend* restitutionary decisions for approval by the court)." *Id.* Therefore, Johnson's sentence was vacated and the case remanded for resentencing consistent with the Fourth Circuit's opinion. *Id.*

The following year, the Fourth Circuit held that the reasoning in *Johnson* equally applied to criminal fines. In *United States v. Miller*, 77 F.3d 71, 77–78 (4th Cir. 1996), the district court ordered the defendant to pay a $3,000.00 fine and $50.00 restitution "at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." *Id.* at 74. Applying its prior precedent, the Fourth Circuit concluded that "the district court erroneously delegated its authority to set the amount and timing of Miller's fine and restitution payments to the [BOP] and/or the probation officer, without retaining ultimate authority over such decisions." *Id.* at 78. Therefore, the Court held that the portion of Miller's sentence relating to the fine and restitution must be vacated. *Id.*

As relevant to the present matter, the Fourth Circuit subsequently considered whether the IFRP constitutes the delegation of a district court's authority to set the amount and timing of criminal monetary penalties to the BOP in violation of *Miller*. The Fourth Circuit definitively held that when a district court orders that a monetary penalty is due "immediately," it thereby sets the amount and timing of the penalty. Thus, the inmate's payment of the penalty through subsequent participation in the

10

BOP's IFRP does not usurp the court's authority. *Coleman v. Brooks*, 133 Fed. Appx. 51, 53 (4th Cir. 2005); *United States v. Caudle*, 261 Fed. Appx. 501, 503–04 (4th Cir. 2008). The Fourth Circuit noted that an "immediate payment directive is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately." *Coleman*, 133 F. App'x at 53 (citing *Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002) (internal quotation marks omitted) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine")). As such, the BOP was thus "properly using the IFRP as an avenue to collect Coleman's restitution, just as it would any other debt owed by him." *Id.* (citing *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir. 1999) ("Nothing barred the BOP from ensuring pursuant to the IFRP that [defendant] make good-faith progress toward satisfying his court-ordered obligations")); *see also* 28 C.F.R. § 545.11 (2004) (requiring inmates to make payments towards court-ordered obligations, including fines).

In this case, the BOP did nothing impermissible when it began withdrawing payments from Knight while she appealed her case, as nothing in the record suggests that the order of restitution was stayed while Knight pursued appeals. Accordingly, the undersigned **FINDS** that Knight is not entitled to relief on this basis.

### C. *Calculation of Payment Amounts*

According to the amended restitution judgment supplied by Knight, the Sentencing Court ordered her to "pay 25% of [her] gross income per month, through the [IFRP]." Knight argues that this order refers only to her employment income, not gifts or other sources of money, and therefore her payments are greater than they should be. (ECF No. 14 at 2). The above analysis concerning the BOP's role in

11

administering the IFRP under *Miller* and *Johnson* applies similarly to this contention.

Respondent disputes Knight's claim, arguing that prison officials may use income sources besides inmate employment income to calculate its periodic withdrawals for IFRP participants. In support of this position, Respondent cites to 28 C.F.R. §§ 545.10, 545.11.[2] (ECF No. 11 at 6). Title 28 C.F.R. § 545.11 states in part that payments for the purpose of fulfilling an inmate's financial obligation "may be made from institution resources or non-institution (community) resources." The language in the regulation shows that the BOP may "consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP." *See Pierson v. Morris*, 282 Fed. Appx. 347, 348 (5th Cir. 2008) (unpublished); *see also Wadley v. Zych*, 2012 WL 1533285, at *2 (W.D. Va. Apr. 30, 2012) ("Neither § 545.11 nor Program Statement 5380.08 exclude gifts from family or friends from the category of "non-institution (community) resources."); *Sarno v. Wilson*, No. 1:17-CV-953, 2018 WL 3638079, at *5 (E.D. Va. July 27, 2018), *aff'd,* 755 F. App'x 321 (4th Cir. 2019) (refusing to adjudicate claim on the merits due to inmate's failure to exhaust administrative remedies, but noting that he would not be entitled to relief even if his claim were exhausted). Thus, the BOP is not limited to an inmate's employment income in calculating the IFRP payment amount, and the undersigned **FINDS** that Knight is not entitled to relief on this basis.

### D.    *Claim for Monetary Compensation*

In her initial petition, Knight demanded money damages for the BOP's allegedly unconstitutional administration of the IFRP. (ECF No. 1 at 3). "[A]n inmate's challenge

---

[2] At one point, Respondent also cites to 28 C.F.R. §§ 542.10, 542.11 in this section of the response. As those regulations do not concern IFRP payments, the undersigned believes them to be typographical errors.

to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241." *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015). A claim for money damages, however, is not relief available in a § 2241 habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). A claim against a federal actor for the violation of a civil right must be brought in a civil action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The undersigned has already explained that such a claim in this case would be without merit. Notwithstanding that explanation, if Knight wishes to pursue a civil rights claim, she must file a separate complaint and pay an additional filing fee of $400. Accordingly, the undersigned **FINDS** that Knight is not entitled to monetary damages in this habeas proceeding, and the claim on this basis should be dismissed, without prejudice.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES that** Knight's § 2241 petition, (ECF Nos. 1, 6), be **DENIED**; that Respondent's request for dismissal, (ECF No. 11), be **GRANTED**; and that this matter be **DISMISSED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** March 30, 2021

Cheryl A. Eifert
United States Magistrate Judge